**REESE LLP**
Michael R. Reese (SBN 206773)
Sue J. Nam (SBN 206729)
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Email:  *mreese@reesellp.com*
        *snam@reesellp.com*

**REESE LLP**
George V. Granade (SBN 316050)
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Email: *ggranade@reesellp.com*

**REESE LLP**
Charles D. Moore
(to be admitted *pro hac vice*)
100 South 5th Street, Suite 1900
Minneapolis, Minnesota 55402
Telephone: 212-643-0500
Email: *cmoore@reesellp.com*

*Attorneys for Plaintiffs and the Proposed Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONETTE CARMELI and CRYSTAL BRANK, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>        v.<br><br>RAZOR USA, LLC,<br><br>            Defendant. | Case No. 21-cv-7123<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Tonette Carmeli and Crystal Brank (collectively "Plaintiffs"), individually and on behalf of others similarly situated, allege for their Class Action Complaint against Defendant Razor USA, LLC ("Defendant"), upon personal knowledge as to themselves and their own acts, and as to all other matters upon information and belief, based upon, *inter alia*, the investigation made by their attorneys, as follows:

## SUMMARY OF THE ACTION

1.     This is a proposed class action brought on behalf of a "Minnesota Class," "California Class," and a "Nationwide Class," (collectively, "Class") of individuals who purchased Defendant's MX350 Dirt Rocket, SX350 Dirt Rocket, SX500 Dirt Rocket, MX400 Dirt Rocket, MX650 Dirt Rocket, RSF350, RSF650, Pocket Mod, and Pocket Mod Bellezza (collectively the "Products" or individually the "Product"). Defendant falsely represents that the Products are designed for certain age ranges[1] when, in fact, they are too small to be safely ridden by the riders in these age ranges. This lawsuit seeks to enjoin Defendant's false and misleading practices and to recover damages on behalf of the Class under the applicable state laws.

2.     Under the brand name Razor, Defendant manufactures, markets, and sells electric ride-on products that are deceptively labeled with age designations for riders likely to be too large to safely use the products.

3.     The age designations are prominently displayed on the front label of the Products' packaging.

4.     Whether Defendant's labeling of the Products deceptive is judged by whether it would deceive or mislead a reasonable consumer. A reasonable consumer

---

[1] The MX350 Dirt Rocket, Pocket Mod, SX350 Dirt Rocket, MX400 Dirt Rocket, and RSF350 have an age designation of "13+". The SX500 Dirt Rocket and Pocket Mod Bellezza have an age designation of "14+". The MX650 Dirt Rocket and RSF650 have an age designation of "16+".

would believe that a product labelled "13+", for example, can safely be used by riders 13 years of age or older.

5.     Unfortunately, to the detriment of consumers, the Products are too small to be safely used by riders in the designated age ranges.

6.     By labeling the Products with the age designations, Defendant creates consumer deception and confusion. A reasonable consumer purchases the Products believing that they are, as marketed, advertised, and labeled, for users in the designated age range. However, a reasonable consumer would not deem the Products to be for the designated age range if they knew the Products could not be safely operated by riders in that age range.

7.     Defendant's misrepresentations about the Products were uniform and were communicated to Plaintiffs, and every other member of the Class, at every point of purchase and consumption throughout the Class Period.[2]

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. section 1332(d), in that: (1) this is a class action involving more than 100 class members; (2) Plaintiffs are citizens of the State of Minnesota and Tennessee, respectively, and Defendant is a citizen of the States of Delaware and California; and (3) the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs.

9.     This Court also has original subject-matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because the action arises under federal law, namely, the Magnuson-Moss Warranty—Federal Trade Commission Improvement Act, 15 U.S.C. § 2301 *et seq.*

---

[2] The Class Period shall encompass all sales from August 11, 2016 through the date of entry of class certification (the "Class Period").

10.     This Court has personal jurisdiction over Defendant for reasons including but not limited to the following: Defendant's principal place of business is located in the District, and Plaintiffs' claims arise out of Defendant's conduct within the State of California.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant's principal place of business is found within this District, and a substantial part of the conduct, events, and omissions giving rise to the claims occurred in this District and, as a corporation subject to personal jurisdiction in this District, Defendant conducts business in this District.

## **PARTIES**

12.     Plaintiff Carmeli is a citizen of Minnesota, residing in Ramsey County, Minnesota. Plaintiff purchased a MX350 Dirt Rocket from Walmart in Roseville, Minnesota, in or around July 2020.

13.     Plaintiff Brank is a citizen of Tennessee, residing in Sumner County, Tennessee. Plaintiff purchased a MX350 Dirt Rocket from Amazon.com while in Sacramento, California, in May 2021.

14.     Plaintiffs purchased the Products because they believed the Products were for riders "13+" based on the representation on the principal display panel of the Products. Plaintiffs believe that "13+" products can be safely used by riders ages 13 and older. Plaintiffs remain in the market for a dirt bike and continue to shop at Walmart and other locations where the Products are sold. If the Products were actually safe for use by riders ages 13 and older, as represented on the Products' label, or if the label properly represented the age range for whom the Products can be safely used, Plaintiffs would purchase the Products again in the immediate future. If the Court were to issue an injunction ordering Defendant to comply with the law, and prohibiting Defendant's use of the deceptive practices discussed herein, Plaintiffs would likely purchase the Products again in the near future.

15.    Had Defendant not made the false, misleading, and deceptive representation that the Products were for "13+", Plaintiffs would not have been willing to pay the same amount for the Products, and, consequently, they would not have been willing to purchase the Products. Plaintiffs purchased and/or paid more for the Products than they would have if they had known the truth about the Products. The Products Plaintiffs received were worth less than the Products for which they paid, if not completely worthless as they could not be safely used for its sole intended purpose (i.e. to be safely ridden by riders 13+), nor could it be guaranteed to be safe for those in an age range where it might physically fit, as it was not designated—and therefore potentially untested—for riders younger than the designated age range. Plaintiffs were injured in fact and lost money as a result of Defendant's improper conduct.

16.    Defendant Razor USA, LLC is a Delaware limited liability company with headquarters at 12723 166th Street, Cerritos, California 90703. Defendant is a producer and marketer of children and teen toys, including the Products.

17.    On information and belief, the labeling for the Products that Plaintiffs and the Class members relied upon in making their decisions to purchase the Products were conceived, designed, prepared and/or approved by Defendant and were disseminated by Defendant and its agents through labeling, marketing and advertising containing the misrepresentations, from its headquarters, alleged herein.

18.    On information and belief, in committing the wrongful acts alleged herein, Defendant, in connection with its subsidiaries, affiliates, and/or other related entities and their employees, planned, participated in and furthered a common scheme to induce members of the public to purchase the Products by means of false, misleading, deceptive and fraudulent representations, and Defendant participated in the making of such representations in that it disseminated those misrepresentations or caused them to be disseminated.

19.    On information and belief, the gravamen, focus, and center of activity of Defendant's actions occurred in its headquarters in California.

## SUBSTANTIVE ALLEGATIONS

**A.    Defendant deliberately deceives consumers by falsely labeling the Products with deceptive age designations.**

20.    "Age labeling provides parents and other consumers guidance for selecting proper products for children."[3] Thus, "[f]or manufacturers, age grading is an important step in developing, marketing, and labeling consumer products."[4] "Once manufacturers determine a target age for a product through age grading," they are encouraged "to label, promote, and market it to that age group."[5] "Accurate age labels provide parents and other consumers with guidance for selecting age-appropriate products for children." *Id.* One of the principal factors in making an age designation is the physical development of the child.[6]

21.    Defendant chose to use age designations of 13+, 14+, and 16+ for the Products.

22.    The Products prominently display the age designation on the front and top labels:

---

[3] CPSC, Age Determination Guidelines: Relating Consumer Product Characteristics to the Skills, Play Behaviors, and Interests of Children (January 2020), at 5.

[4] *Id.* at 1.

[5] *Id.*

[6] *Id.* at 12.





23.    The Products are designated with the "+" symbol indicating they are suitable for the stated age and older. For example, "13+" indicates a rider 13 years of age and older could use the Product.

24. The labeling of the Products was therefore designed to create consumer belief that the Products can safely be used by riders 13 years of age or older.

**B. A reasonable consumer would not deem the Products to be for the designated ages because they are too small to be safely operated by riders in that age range.**

25. Despite Defendant's labeling the Products with 13+, 14+, and 16+ age designations, the Products cannot be safely operated by riders in those designated age ranges.

26. The average height for a 13 year old boy is between 56 and 67 inches. *See* Ex. 1. This increases by approximately 2 inches each year, so that by the time a boy reaches 17 years old, they are between 65 and 74 inches tall. *Id.*

27. The average height for 13 year old girls is between 58 and 67 inches. *See* Ex. 2. This increases by approximately 1 inch each year, so that by the time a girl reaches 17 years old, they are between approximately 60 and 68 inches tall.

28. To safely operate a motorcycle, ATV, or off-road bike, the rider must be able to safely and comfortably operate the controls.[7] Primary amongst these are the handle bars. Thus, to safely operate the dirt bike, the rider must be able to "turn the handlebars all the way to the right and left."[8]

29. If the bikes are too small—as the Products are—the rider's knees will prevent the handlebars from fully turning in one or both directions.

---

[7] Motorcycle Safety Foundation, Inc., Parents, Youngsters & Off-Highway Motorcycles, at 6.

[8] *Id.*

30.    The individual shown above is a male, 13 years of age and 63 inches tall.

31.    As is apparent from the image, the bike is too small for him to safely operate. In a riding position, his knees are pressed into the handlebars such that he cannot fully turn the handlebars to both the left and right. As such, he cannot safely operate the controls, and with it, safely operate the dirt bike.

32.    On information and belief, the other Products are equally small, and therefore riders in the designated age ranges will likewise be unable to fully operate the handlebars.

33.    On information and belief, most riders are too tall to safely operate the Products.

34.    A reasonable consumer would not deem a Product that cannot be ridden safely by most riders in the designated age range to be for that age range. Since the Products cannot be ridden safely by most riders 13 years and older, a reasonable consumer would not consider the Products to be for that designated age range.

35.    Thus, by labeling the Products with the age designations, Defendant deceives and misleads reasonable consumers.

**C.    Reasonable consumers reasonably relied on Defendant's Misrepresentations.**

36.    Defendant's labeling of the Products with the age designations demonstrates its intent to persuade consumers that the Products are for the age ranges so designated. However, as described above, the Products are too small to be safely operated by most riders in those age ranges.

37.    Hence, Defendant's claims that the Products are for the designated age ranges are false and misleading.

38.    Reasonable consumers, including Plaintiffs, purchased the Products based upon their belief that the Products were for the designated age range. However, a reasonable consumer would not deem the Products to be for designated age range if they knew the Products could not be safely operated by most riders in that age range.

39.    Plaintiffs and the Class members reasonably relied to their detriment on Defendant's misleading representations and omissions.

40.    Defendant's false, misleading, and deceptive misrepresentations and omissions are likely to continue to deceive and mislead reasonable consumers and the general public, as they have already deceived and misled Plaintiffs and the Class members.

**D.    Defendant's wrongful conduct caused Plaintiffs' and the Class members' injuries.**

41.    In making the false, misleading, and deceptive representations and omissions described herein, Defendant knew and intended that consumers would pay for, and/or pay a premium for, Products labeled with the designated age range.

42.    As an immediate, direct, and proximate result of Defendant's false, misleading, and deceptive representations and omissions, Defendant injured Plaintiffs and the Class members in that they:

a.     Paid a sum of money for the Products, which were not what Defendant represented;

b.     Paid a premium price for the Products, which were not what Defendant represented;

c.     Were deprived of the benefit of the bargain because the Products they purchased were different from what Defendant warranted;

d.     Were deprived of the benefit of the bargain because the Products they purchased had less value than what Defendant represented;

e.     Could not be used for the purpose for which they were purchased; and

f.     Were of a different quality than what Defendant promised.

43.    Had Defendant not made the false, misleading, and deceptive representations and omissions, Plaintiffs and the Class members would not have been willing to pay the same amount for the Products they purchased, and/or Plaintiffs and the Class members would not have been willing to purchase the Products at all.

44.    Plaintiffs and the Class members paid for Products that were for a designated age range but received Products that were not for the designated age range. The Products Plaintiffs and the Class members received were worth less than the Products for which they paid.

45.    Based on Defendant's misleading and deceptive representations, Defendant was able to, and did, charge a premium price for the Products over the cost of competitive products not bearing the label.

46.    Plaintiffs and the Class members all paid money for the Products. However, Plaintiffs and the Class members did not obtain the full value of the advertised Products due to Defendant's misrepresentations and omissions. Plaintiffs and the Class members purchased and/or paid more for, the Products than they would

have had they known the truth about the Products. Consequently, Plaintiffs and the Class members have suffered injury in fact and lost money as a result of Defendant's wrongful conduct.

### E.    Rule 9(b) Allegations.

47.    Federal Rule of Civil Procedure ("Rule") 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). As detailed in the paragraphs above, Plaintiffs have satisfied the requirements of Rule 9(b) by establishing the following elements with sufficient particularity:

48.    WHO: Defendant made material misrepresentations and failed to adequately disclose material facts as detailed herein. Except as identified herein, Plaintiffs are unaware, and therefore unable to identify, the true names and identities of those individuals at Defendant who are responsible for such material misrepresentations and/or omissions.

49.    WHAT: Defendant made material misrepresentations regarding the age designations of the Products. Specifically, Defendant misrepresented that the Products were for designated age ranges. These representations were false and misleading because the Products could not be safely operated by most riders in those age ranges.

50.    WHEN: Defendant made the material misrepresentations, omissions, and non-disclosures detailed herein continuously at every point of purchase and consumption throughout the Class Period.

51.    WHERE: Defendant's material misrepresentations, omissions, and non-disclosures detailed herein were made, *inter alia*, on the packaging of the Products.

52.    HOW: Defendant made numerous, written material misrepresentations on the packaging of the Products that were designed to, and, in fact, did, mislead

Plaintiff and Class members into purchasing the Products.

53.    WHY: Defendant engaged in the material misrepresentations, omissions, and non-disclosures detailed herein for the express purpose of inducing Plaintiffs and other reasonable consumers to purchase and/or pay a premium for the Products based on the belief that the Products were for a designated age range. Defendant profited by selling the Products to thousands of unsuspecting consumers.

## CLASS ALLEGATIONS

54.    Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23. Plaintiffs seek to represent the following classes:

    a.    The "Minnesota Class," which consists of: All consumers who purchased the Products within the State of Minnesota during the Class Period for their personal use, rather than for resale or distribution. Excluded from the Minnesota Class are Defendant's current or former officers, directors, and employees; counsel for Plaintiffs and Defendant; and the judicial officer to whom this lawsuit is assigned.

    b.    The "California Class," which consists of: All consumers who purchased the Products within the State of California during the Class Period for their personal use, rather than for resale or distribution. Excluded from the California Class are Defendant's current or former officers, directors, and employees; counsel for Plaintiffs and Defendant; and the judicial officer to whom this lawsuit is assigned.

    c.    The "Nationwide Class," which consists of: All consumers who purchased the Products in the United States and its territories during the Class Period for their personal use, rather than for resale or distribution. Excluded from the Nationwide Class are Defendant's current or former officers, directors, and employees; counsel for Plaintiffs and Defendant; and the judicial officer to whom this lawsuit is assigned.

(collectively, the "Class").

55. The requirements of Federal Rule of Civil Procedure 23 are satisfied because:

    a.    <u>Numerosity</u>: The members of each Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is presently unknown to Plaintiffs, based on Defendant's volume of sales, Plaintiffs estimate that each Class numbers in the thousands.

    b.    <u>Commonality</u>: There are questions of law and fact that are common to the Class members and that predominate over individual questions. These include, but are not limited to, the following:

        i.    Whether Defendant materially misrepresented to the Class members that the Products are for the designated age ranges;

        ii.    Whether Defendant's misrepresentations and omissions were material to reasonable consumers;

        iii.    Whether Defendant's labeling, marketing, and sale of the Products constitutes an unfair, unlawful, or fraudulent business practice;

        iv.    Whether Defendant's labeling, marketing, and sale of the Products constitutes false advertising;

        v.    Whether Defendant's conduct described above constitutes a breach of warranty;

        vi.    Whether the Products were fit for their ordinary purpose;

        vii.    Whether Defendant's conduct injured consumers and, if so, the extent of the injury; and

        viii.    The appropriate remedies for Defendant's conduct.

c.   <u>Typicality</u>: Plaintiffs' claims are typical of the claims of the Class members because Plaintiffs suffered the same injury as the Class members—*i.e.*, Plaintiffs purchased the Products based on Defendant's misleading representations that the Products were for the designated age range.

d.   <u>Adequacy</u>: Plaintiffs will fairly and adequately represent and protect the interests of the members of each Class. Plaintiffs do not have any interests adverse to those of the Class members. Plaintiffs have retained competent counsel experienced in class action litigation and intend to prosecute this action vigorously.

e.   <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Since the damages suffered by individual Class members are relatively small, the expense and burden of individual litigation make it virtually impossible for the Class members to seek redress for the wrongful conduct alleged, while an important public interest will be served by addressing the matter as a class action.

56.   The prerequisites for maintaining a class action for injunctive or equitable relief under Federal Rule of Civil Procedure 23(b)(2) are met because Defendant has acted or refused to act on grounds generally applicable to each class, thereby making appropriate final injunctive or equitable relief with respect to each class as a whole.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**Violation of the Consumers Legal Remedies Act**
**California Civ. Code § 1750 *et seq.***
**(On Behalf of the Nationwide Class and California Class)**

57.    Plaintiffs repeat each and every allegation contained in the paragraphs above and incorporate such allegations by reference herein.

58.    Plaintiffs bring this claim for violation of the Consumers Legal Remedies Act, CIV. CODE § 1750 *et seq.* ("CLRA"), on behalf of the Nationwide Class, and Plaintiff Brank brings this claim on behalf of the California Class.

59.    Under the CLRA, "goods" means "tangible chattels bought or leased for use primarily for personal, family, or household purposes[.]" CIV. CODE § 1761(a).

60.    The Products are "goods" under Civil Code section 1761(a).

61.    Under the CLRA, "consumer" means "an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes." *Id.* § 1761(d).

62.    Plaintiffs and the Nationwide and California Class members are "consumers" under Civil Code section 1761(d).

63.    Under the CLRA, "person" means "an individual, partnership, corporation, limited liability company, association, or other group, however organized." *Id.* § 1761(c).

64.    Defendant is a "person" under Civil Code section 1761(c).

65.    Under the CLRA, "transaction" means "an agreement between a consumer and another person, whether or not the agreement is a contract enforceable by action, and includes the making of, and the performance pursuant to, that agreement." *Id.* § 1761(e).

66.    Defendant, on the one hand, and Plaintiffs and the Nationwide and California Class members, on the other hand, engaged in "transactions" as the CLRA defines that term because, among other reasons, Defendant agreed to sell, and pursuant to that agreement sold, the Products to Plaintiffs and the Nationwide and California Class members.

67.    Defendant's actions, representations, and conduct violated, and continue to violate, the CLRA because they extend to transactions that are intended to result, or that have resulted, in the sale of goods to consumers.

68.    Under section 1770 of the CLRA:

> (a) The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:
>
> \* \* \* \* \*
>
> (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have.
>
> \* \* \* \* \*
>
> (7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.
>
> \* \* \* \* \*
>
> (9) Advertising goods or services with intent not to sell them as advertised.
>
> \* \* \* \* \*
>
> (16) Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

*Id.* § 1770.

CLASS ACTION COMPLAINT
Case No. 21-cv-7123
17

69.    As alleged above, Defendant violated, and continues to violate, Civil Code section 1770(a)(5) by representing the Products have characteristics, uses, benefits, and qualities which they do not. Specifically, Defendant represents the Products are designated for certain age ranges, when, in fact, the Products cannot be ridden safely by most riders in those age ranges.

70.    Further, as alleged above, Defendant violated, and continues to violate, Civil Code section 1770(a)(7) by representing the Products are of a particular standard, style, or model when they are of another. Specifically, Defendant represents the Products are designated for certain age ranges, when, in fact, the Products cannot be ridden safely by most riders in those age ranges.

71.    Further, as alleged above, Defendant violated, and continues to violate, Civil Code section 1770(a)(9) by advertising the Products are for certain age ranges with the intent to sell Products that are not actually for those age ranges.

72.    Finally, as alleged above, Defendant violated, and continues to violate, Civil Code section 1770(a)(16) by representing that the Products it sold Plaintiffs and the Nationwide and California Class members are for certain age ranges when, in fact, the Products are not.

73.    Defendant violates the CLRA by representing through its marketing that the Products are for certain age ranges, as described above, when it knows, or should know, that the representations are unsubstantiated, false, and misleading.

74.    Plaintiffs and the Nationwide and California Class members believed Defendant's representations that the Products are for certain age ranges. Plaintiffs and the Nationwide and California Class members would not have purchased the Products, but for Defendant's misleading statements about the Products being for certain age ranges.

75.    Plaintiffs and the Nationwide and California Class members are injured in fact and lose money as a result of Defendant's conduct of improperly describing

the Products as being for certain age ranges. Plaintiffs and the Nationwide and California Class members pay for Products designed for use by certain age ranges but do not receive such Products because the Products cannot be ridden safely by most riders in those age ranges.

76.    On information and belief, Defendant's actions were willful, wanton, and fraudulent.

77.    On information and belief, officers, directors, or managing agents at Defendant authorized the use of the misleading statements about the Products.

78.    CLRA SECTION 1782 NOTICE. On August 11, 2020, Plaintiff Carmeli, through counsel, sent a CLRA demand letter to Defendant that provided notice of Defendant's violation of the CLRA and demanded Defendant correct, repair, replace, or otherwise rectify the unlawful, unfair, false, and deceptive practices complained of herein. The letter also stated that if Defendant refused to do so, Plaintiff Carmeli would file a Complaint seeking damages in accordance with the CLRA. Defendant failed to comply with the letter. For the foregoing reasons, pursuant to Civil Code section 1780(a)(3), Plaintiffs, individually and on behalf of all other members of the Nationwide and California Class, seeks compensatory and punitive damages due to Defendant's acts and practices.

79.    Pursuant to Civil Code sections 1780 and 1782, Plaintiffs and the Nationwide and California Class members seek damages in an amount to be proven at trial, an injunction to bar Defendant from continuing their deceptive advertising practices, and reasonable attorneys' fees and costs.

80.    Therefore, Plaintiffs pray for relief as set forth below.

## SECOND CLAIM FOR RELIEF
### Violation of the False Advertising Law,
### California Bus. & Prof. Code § 17500 *et seq.*
### (On Behalf of the Nationwide and California Class)

81.    Plaintiffs repeat each and every allegation contained in the paragraphs above and incorporate such allegations by reference herein.

82.    Plaintiffs bring this claim for violation of the False Advertising Law, BUS. & PROF. CODE § 17500 *et seq.* ("FAL"), on behalf of the Nationwide Class, and Plaintiff Brank brings this claim on behalf of the California Class.

83.    The FAL makes it unlawful for a person, firm, corporation, or association to induce the public to buy its products by knowingly disseminating untrue or misleading statements about the Products.

84.    At all relevant times, Defendant engaged, and continues to engage, in a public advertising and marketing campaign representing that the Products are for certain age ranges.

85.    The Products, in fact, cannot be ridden safely by most riders in those age ranges. Defendant's advertisements and marketing representations are, therefore, misleading, untrue, and likely to deceive reasonable consumers.

86.    Defendant engaged in its advertising and marketing campaign with the intent to directly induce consumers, including Plaintiffs and the Nationwide and California Class members, to purchase the Products based on false and misleading claims.

87.    In making and disseminating the statements alleged herein, Defendant knew or should have known the statements were untrue or misleading.

88.    Plaintiffs and the Nationwide and California Class members believed Defendant's representations that the Products are for certain age ranges. Plaintiffs and the Nationwide and California Class members would not purchase the Products if they knew the Products cannot be ridden safely by most riders in those age ranges.

89.    Plaintiffs and the Nationwide and California Class members are injured in fact and lose money as a result of Defendant's conduct of improperly describing the Products as being for certain age ranges. Plaintiffs and the Nationwide and California Class members pay for Products that are for certain age ranges, but do not receive such Products.

90.    The Products Plaintiffs and the Nationwide and California Class members receive are worth less than the Products for which they pay. Plaintiffs and the Nationwide and California Class members pay a premium price on account of Defendant's misrepresentations that the Products are for certain age ranges.

91.    Plaintiffs and the Nationwide and California Class members seek declaratory relief, injunctive relief enjoining Defendant from continuing to disseminate its untrue and misleading statements, and other relief allowable under Business and Professions Code section 17535.

92.    Therefore, Plaintiffs pray for relief as set forth below.

### THIRD CLAIM FOR RELIEF
**Violation of the Unfair Competition Law,
California Bus. & Prof. Code § 17200 *et seq.*
(On Behalf of the Nationwide and California Class)**

93.    Plaintiffs repeat each and every allegation contained in the paragraphs above and incorporate such allegations by reference herein.

94.    Plaintiffs bring this claim for violation of the Unfair Competition Law, Bus. & Prof. Code § 17200 *et seq.* ("UCL"), on behalf of the Nationwide Class, and Plaintiff Brank brings this claim on behalf of the California Class.

95.    The circumstances giving rise to Plaintiffs' and the Nationwide and California Class members' allegations include Defendant's corporate policies regarding the sale and marketing of the Products.

96.    Under the UCL, "unfair competition" means and includes "any

unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by" the FAL. BUS. & PROF. CODE § 17200.

97. By engaging in the acts and practices described herein, Defendant commits one or more acts of "unfair competition" as the UCL defines the term.

98. Defendant committed, and continues to commit, "unlawful" business acts or practices by, among other things, violating the CLRA, the FAL, California common law, breaching express warranty laws, breaching implied warranty laws, and violating the Magnuson-Moss Warranty—Federal Trade Commission Improvement Act as described herein.

99. Defendant committed, and continues to commit, "unfair" business acts or practices by, among other things:

       a.     Engaging in conduct for which the utility of the conduct, if any, is outweighed by the gravity of the consequences to Plaintiffs and the members of the Nationwide and California Class;

       b.     Engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiffs and the members of the Nationwide and California Class; and

       c.     Engaging in conduct that undermines or violates the spirit or intent of the consumer protection laws that this Class Action Complaint invokes.

100. Defendant committed, and continues to commit, "fraudulent" business acts or practices because, as alleged above, Defendant's representations concerning the Products were false and misleading, and Plaintiffs and the Nationwide and California Class members relied on those representations in purchasing the Products.

101. Defendant commits unlawful, unfair, and fraudulent business acts or practices by, among other things, engaging in conduct Defendant knew or should

have known was likely to and did deceive reasonable consumers, including Plaintiffs and the Nationwide and California Class members.

102.    As detailed above, Defendant's unlawful, unfair, and fraudulent practices include making false and misleading representations that the Products are for certain age ranges.

103.    Plaintiffs and the Nationwide and California Class members believed Defendant's representations that the Products are for certain age ranges. Plaintiffs and the Nationwide and California Class members would not purchase the Products, but for Defendant's misleading statements that the Products are for certain age ranges.

104.    Plaintiffs and the Nationwide and California Class members are injured in fact and lose money as a result of Defendant's conduct of improperly describing the Products as being for certain age ranges. Plaintiffs and the Nationwide and California Class members pay for Products that are for certain age ranges, but do not receive Products that are for those age ranges. Instead, Plaintiffs and the Nationwide and California Class members receive Products that cannot be ridden safely by most riders in those age ranges.

105.    Plaintiffs and the Nationwide and California Class members seek declaratory relief, , injunctive relief, and other relief allowable under Business and Professions Code section 17203, including but not limited to enjoining Defendant from continuing to engage in its unfair, unlawful, and fraudulent conduct alleged herein.

106.    Therefore, Plaintiffs pray for relief as set forth below.

## FOURTH CLAIM FOR RELIEF
**Fraud under California Common Law**
**(On Behalf of the Nationwide and California Class)**

107.    Plaintiffs repeat each and every allegation contained in the paragraphs above and incorporate such allegations by reference herein.

108.    Plaintiffs bring this claim on behalf of the Nationwide Class, and Plaintiff Brank brings this claim on behalf of the California Class.

109.    As discussed above, Defendant provides Plaintiffs and the Nationwide and California Class members with false or misleading material information and fails to disclose material facts about the Products, including, but not limited to the claims regarding the appropriate age range for use of the Products. These misrepresentations and omissions are made with knowledge of their falsehood.

110.    The misrepresentations and omissions made by Defendant, upon which Plaintiffs and the Nationwide and California Class members reasonably and justifiably rely, are intended to induce and actually induce Plaintiffs and the Nationwide and California Class members to purchase the Products.

111.    The gravamen, focus, and center of activity of Defendant's fraudulent actions occurred in California.

112.    The fraudulent actions of Defendant caused damage to Plaintiffs and the Nationwide and California Class members, who are entitled to damages and other legal and equitable relief as a result.

113.    As a result of Defendant's wrongful conduct, Plaintiffs and the Nationwide and California Class members have suffered and continue to suffer economic losses and other general and specific damages, including amounts paid for the Products and any interest that would have been accrued on these monies, all in the amount to be determined at trial.

114.    Therefore, Plaintiffs pray for relief as set forth below.

## FIFTH CLAIM FOR RELIEF
### Breach of Express Warranty - Cal. Comm. Code § 2313
### (On Behalf of the Nationwide and California Class)

115.   Plaintiffs repeat each and every allegation contained in the paragraphs above and incorporate such allegations by reference herein.

116.   Plaintiffs bring this claim on behalf of the Nationwide Class, and Plaintiff Brank brings this claim on behalf of the California Class.

117.   As part of each contract, Defendant represented that the Products were designated for a certain age range.

118.   Defendant's representations that the Products were designated for a certain age range constituted express warranties and became part of the basis of the bargain between Plaintiffs and the Nationwide and California Class members, on the one hand, and Defendant, on the other.

119.   Defendant represented that the Products were designated for a certain age range to induce Plaintiffs and the Nationwide and California Class members to purchase the Products.

120.   Plaintiffs and the Nationwide and California Class members relied on Defendant's representations that the Products were designated for a certain age range in purchasing the Products.

121.   Plaintiffs and the Nationwide and California Class members have performed all conditions precedent to Defendant's liability under the above-referenced contracts when they purchased the Products for their ordinary purposes.

122.   Defendant breached its express warranties about the Products because the Products cannot be ridden safely by most riders in those age ranges. Consequently, Defendant breached California's express warranty law. Cal. Comm. Code section 2313.

123.   As a result of Defendant's breaches of express warranties, Plaintiffs and

the Nationwide and California Class members were damaged in the amount of the purchase price or a premium they paid for the Products, in an aggregate amount that Plaintiffs will prove at trial.

124.   On August 11, 2020, a reasonable time after she knew or should have known of such breach, Plaintiff Carmeli, on behalf of herself and the other members of the Nationwide Class, sent a notice letter to Defendant which provided notice of Defendant's breach and demanded that Defendant correct, repair, replace, or otherwise rectify the breach complained of herein. The letter also stated that if Defendant refused to do so, a Complaint would be filed seeking damages. Defendant failed to comply with the letter.

125.   Therefore, Plaintiffs pray for relief as set forth below.

## SIXTH CLAIM FOR RELIEF
### Breach of Express Warranty – California Common Law
### (On Behalf of the Nationwide and California Class)

126.   Plaintiffs repeat each and every allegation contained in the paragraphs above and incorporate such allegations by reference herein.

127.   Plaintiffs bring this claim on behalf of the Nationwide Class, and Plaintiff Brank brings this claim on behalf of the California Class.

128.   As part of each contract, Defendant made affirmations of fact and promises and described the goods. Specifically, that the Products were designated for a certain age range.

129.   Defendant's representations that the Products were designated for a certain age range constituted express warranties and became part of the basis of the bargain between Plaintiffs and the Nationwide and California Class members, on the one hand, and Defendant, on the other.

130.   Defendant represented that the Products were designated for a certain age range to induce Plaintiffs and the Nationwide and California Class members to

1  purchase the Products.

2      131.   Plaintiffs and the Nationwide and California Class members relied on

3  Defendant's representations that the Products were designated for a certain age range

4  in purchasing the Products.

5      132.   Plaintiffs and the Nationwide and California Class members have

6  performed all conditions precedent to Defendant's liability under the above-

7  referenced contracts when they purchased the Products for their ordinary purposes.

8      133.   Defendant breached its express warranties about the Products because

9  the Products cannot be ridden safely by most riders in those age ranges.

10  Consequently, Defendant breached the express warranties under California common

11  law.

12      134.   As a result of Defendant's breaches of express warranties, Plaintiffs and

13  the Nationwide and California Class members were damaged in the amount of the

14  purchase price or a premium they paid for the Products, in an aggregate amount that

15  Plaintiffs will prove at trial.

16      135.   On August 11, 2020, a reasonable time after she knew or should have

17  known of such breach, Plaintiff Carmeli, on behalf of herself and the other members

18  of the Nationwide Class, sent a notice letter to Defendant which provided notice of

19  Defendant's breach and demanded that Defendant correct, repair, replace, or

20  otherwise rectify the breach complained of herein. The letter also stated that if

21  Defendant refused to do so, a Complaint would be filed seeking damages. Defendant

22  failed to comply with the letter.

23      136.   Therefore, Plaintiffs pray for relief as set forth below.

24          **<u>SEVENTH CLAIM FOR RELIEF</u>**
25  **Breach of Implied Warranty of Merchantability – Cal. Comm. Code § 2314**
        **(On Behalf of the Nationwide and California Class)**
26

27      137.   Plaintiffs repeat each and every allegation contained in the paragraphs

28

CLASS ACTION COMPLAINT
Case No. 21-cv-7123
27

above and incorporate such allegations by reference herein.

138.    Plaintiffs bring this claim on behalf of the Nationwide Class, and Plaintiff Brank brings this claim on behalf of the California Class.

139.    Under the Uniform Commercial Code's implied warranty of merchantability, the Defendant warranted to Plaintiffs and the Nationwide and California Class members that the Products were for certain age ranges.

140.    Defendant breached the implied warranty of merchantability in that the Products:

    a.    Are not fit for the ordinary purposes for which such goods are used, as the Products cannot be ridden safely by most riders in those age ranges, see Cal. Comm. Code § 2314(2)(c); *see also In re MyFord Touch Consumer Litig.*, 46 F. Supp.3d 936, 980 (N.D. Cal. 2014) (vehicle not fit for the ordinary purpose where it could not be used safely); and

    b.    Did not conform to the age designation promises or affirmations made on the label, as the Products cannot be ridden safely by most riders in those age ranges, see Cal. Comm. Code § 2314(2)(f).

141.    The inability of the Products to meet the implied warranty was not due to Plaintiffs' or Nationwide and California Class members' fault or neglect.

142.    Direct privity is not required as Plaintiffs and the Nationwide and California Class members relied on Defendant's age designation statements found on the Products' labels. *See Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008) (exception to the privity requirement "arises when the plaintiff relies on written labels or advertisements of a manufacturer).

143.    Moreover, Plaintiffs and the Nationwide and California Class members are third party beneficiaries of the implied warranty of merchantability between

Defendant and the retailers selling the Products. Plaintiffs and the Nationwide and California Class members are the intended users of Products, and therefore the warranty ensuring the Products are fit for their ordinary purposes or conform to the age designation promises (i.e. whether they can be ridden safely by most riders in those age ranges) directly benefits the consumer—not the retailers. *See* Cal. Civ. Code § 1559; *Roberts v. Electrolux Home Prods.*, No . CV 12-1644 CAS (VBKx), 2013 WL 7753579, at *10 (C.D. Cal. Mar. 4, 2013) (holding the "ultimate consumer" of the product was the third-party beneficiary).

144.   As a result of the foregoing, Plaintiffs and Nationwide and California Class members were damaged in the amount paid for the Defendant's Products, or premium price paid for the Products, together with interest thereon from the date of purchase.

145.   On August 11, 2020, a reasonable time after she knew or should have known of such breach, Plaintiff Carmeli, on behalf of herself and the other members of the Nationwide Class, sent a notice letter to Defendant which provided notice of Defendant's breach and demanded that Defendant correct, repair, replace, or otherwise rectify the breach complained of herein. The letter also stated that if Defendant refused to do so, a Complaint would be filed seeking damages. Defendant failed to comply with the letter.

146.   Therefore, Plaintiffs pray for relief as set forth below.

## <u>EIGHTH CLAIM FOR RELIEF</u>
### Violation of the Magnuson-Moss Warranty
### Federal Trade Commission Improvement Act
### (On Behalf of the Nationwide Class)

147.   Plaintiffs repeat each and every allegation contained in the paragraphs above and incorporate such allegations by reference herein.

148.   Plaintiffs bring this claim on behalf of the Class for violation of the

Magnuson-Moss Warranty—Federal Trade Commission Improvement Act, 15 U.S.C. § 2301 *et seq.* (the "MMWA").

149.    Upon certification, the Class will consist of more than 100 named plaintiffs.

150.    Pursuant to the MMWA, "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under [the MMWA], or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief[.]" 15 U.S.C. § 2310(d)(1).

151.    Under the MMWA, "consumer product" means "any tangible personal property which is distributed in commerce and which is normally used for personal, family, or household purposes (including any such property intended to be attached to or installed in any real property without regard to whether it is so attached or installed)." *Id.* § 2301(1).

152.    The Products are "consumer products" under the MMWA. *Id.*

153.    Under the MMWA, "consumer" means "a buyer (other than for purposes of resale) of any consumer product, any person to whom such product is transferred during the duration of an implied or written warranty (or service contract) applicable to the product, and any other person who is entitled by the terms of such warranty (or service contract) or under applicable State law to enforce against the warrantor (or service contractor) the obligations of the warranty (or service contract)." *Id.* § 2301(3).

154.    Plaintiffs and the Class Members are "consumers" under the MMWA. *Id.*

155.    Under the MMWA, "supplier" means "any person engaged in the business of making a consumer product directly or indirectly available to consumers." 15 U.S.C. § 2301(4).

156.    Defendant is a "supplier" under the MMWA. *Id.*

157.    Under the MMWA, "warrantor" means "any supplier or other person who gives or offers to give a written warranty or who is or may be obligated under an implied warranty." *Id.* § 2301(5).

158.    Defendant is a "warrantor" under the MMWA. *Id.*

159.    Plaintiffs paid more than $25 for the Products within the Class Period.

160.    The Products can cost more than $5.

161.    By reason of Defendant's breaches of its express and implied warranties, *see* Claims for Relief Five-Seven and Fourteen and Fifteen, concerning the purported designated age ranges of the Products, Defendant has caused economic damage to Plaintiffs and the Class Members and has violated the statutory rights due to them under the MMWA.

162.    Therefore, Plaintiffs pray for relief as set forth below.

## NINTH CLAIM FOR RELIEF
### Violation of Prevention of Consumer Fraud Act – Minn. Stat. § 325F.69
### (On Behalf of the Minnesota Class)

163.    Plaintiff Carmeli repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

164.    Plaintiff Carmeli brings this claim individually and on behalf of the Minnesota Class.

165.    Minnesota Statute §325F.69, subd. 1, makes unlawful "[t]he act, use, or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby."

166.    Defendant's business practices in advertising, marketing and selling its Products for a designated age range constitute the use of fraud, false pretense, false

promises, misrepresentations, misleading statements or deceptive practices and, thus, constitute multiple, separate violations of Minn. Stat. §325F.69.

167.    By engaging in the conduct described herein, Defendant violated and continues to violate Minn. Stat. §325F.69, subd. 1.

168.    Defendant's wrongful conduct and use of fraud, false pretenses, false promises, misrepresentations, or misleading statements, all with the intent that others rely on those statements, includes, by way of example and not by limitation:

   a.    Defendant's fraudulent, misleading, or deceptive statements and practices relating to its Products;

   b.    Defendant's warranty-related misconduct, including its fraudulent, deceptive, and unfair practice of misrepresenting its Products' characteristics;

   c.    Defendant's concealment of the true characteristics of its Products; and

   d.    Defendant's continued sale of its Products after it knew about the misleading representations.

169.    Defendant's omissions and misrepresentations set forth in this Complaint are material in that they relate to information that would naturally affect the purchasing decision or conduct of purchasers, including Plaintiff Carmeli and the other members of the Minnesota Class, regarding whether or not to purchase Defendant's Products.

170.    Had Plaintiff Carmeli and the other members of the Minnesota Class known that Defendant's Products could not be ridden safely by most riders in those age ranges, she would not have purchased the Products or paid a premium for the Products.

171.    Defendant fraudulently, negligently, recklessly, or intentionally concealed or failed to disclose the true characteristics of the Products for the purpose

of inducing Plaintiff Carmeli and the other members of the Minnesota Class to rely thereon, and Plaintiff Carmeli and the other members of the Minnesota Class justifiably relied, to their detriment, upon the truth and completeness of Defendant's representations about its Products. Plaintiff Carmeli and the other members of the Minnesota Class relied on Defendant to disclose all material facts and not omit any material information regarding its Products. That Plaintiff Carmeli and the other members of the Minnesota Class were deceived is evidenced by the fact that Plaintiff Carmeli and the other members of the Minnesota Class purchased the Products. Had they known the truth, Plaintiff Carmeli and the other members of the Minnesota Class would not have bought Defendant's Products. Defendant's fraudulent and deceptive practice of advertising, marketing, and selling the Products repeatedly occurred in Defendant's trade or business and was capable of deceiving a substantial portion of the purchasing public.

172.   Where, as here, Plaintiff Carmeli's claims inure to the public benefit as Defendant has misrepresented the age range of the Products to the public at large, Minnesota's private-attorney general statute, Minn. Stat. §8.31, subd. 3a, allows individuals who have been injured through a violation of these consumer-protection statutes to bring a civil action and recover damages, together with costs and disbursements, including reasonable attorneys' fees.

173.   As a result of Defendant's fraud, false pretense, false promises, misrepresentations, misleading statements, and deceptive practices relating to the sale of its Products, Plaintiff Carmeli and the other members of the Minnesota Class have suffered actual damages in that they would not have purchased the Products or paid a premium for the Products if they had known that the age range representations regarding the Products were false.

174.   Plaintiff Carmeli and the other members of the Minnesota Class will continue to suffer injury if Defendant's deceptive conduct is not enjoined, including,

but not limited to the purchase price of the Products or the premium paid for the Products.

175.   As a direct, proximate, and foreseeable result of Defendant's violation of the statute, Plaintiff Carmeli and the other members of the Minnesota Class sustained damages.

176.   Therefore, Plaintiff Carmeli prays for relief as set forth below.

## TENTH CLAIM FOR RELIEF
### Violation of the Unlawful Trade Practices Act – Minn. Stat. § 325D.13
### (On Behalf of the Minnesota Class)

177.   Plaintiff Carmeli repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

178.   Plaintiff Carmeli brings this claim individually and on behalf of the Minnesota Class.

179.   Minnesota Statute §325D.13 provides that "No person shall, in connection with the sale of merchandise, knowingly misrepresent, directly or indirectly, the true quality, ingredients or origin of such merchandise."

180.   By engaging in the conduct described herein, Defendant violated and continues to violate Minn. Stat. §325D.13.

181.   Where, as here, Plaintiff Carmeli's claims inure to the public benefit as Defendant has misrepresented the age range of the Products to the public at large, Minnesota's private-attorney general statute, Minn. Stat. §8.31, subd. 3a, allows individuals who have been injured through a violation of these consumer-protection statutes to bring a civil action and recover damages, together with costs and disbursements, including reasonable attorneys' fees.

182.   Defendant's wrongful conduct and misrepresentation of the true quality of its Products includes, by way of example and not by limitation:

   a.    Defendant's fraudulent, misleading or deceptive statements and

practices relating to its Products;

b. Defendant's warranty-related misconduct, including its fraudulent, deceptive and unfair practice of misrepresenting its Products' characteristics;

c. Defendant's concealment of the true quality of its Products;

d. Defendant's concealment of the true characteristics of the Products; and

e. Defendant's continued sale of its Products after it knew about the misleading representations.

183. Defendant and its agents and distributors also misrepresented the true quality of Defendant's Products by designating age ranges when the Products cannot be ridden safely by most riders in those age ranges.

184. Defendant's omissions and misrepresentations set forth in this Complaint are material in that they relate to information that would naturally affect the purchasing decision or conduct of purchasers, including Plaintiff Carmeli and the Minnesota Class members, regarding whether or not to purchase Defendant's Products.

185. As a result of Defendant's practices relating to misrepresentation of the true characteristics of the Products, Plaintiff Carmeli and the Minnesota Class members have suffered actual damages in that they would not have purchased the Products or paid a premium for the Products if they had known that the age range representations regarding the Products were and are false.

186. In order to prevent future injury to Plaintiff Carmeli and the Minnesota Class, Plaintiff Carmeli and the Minnesota Class seek injunctive relief in the form of a label change removing all deceptive and misleading statements.

187. As a direct, proximate and foreseeable result of Defendant's violation of the statute, Plaintiff Carmeli and the other Minnesota Class members were injured

and suffered damages, and are entitled to recover their actual damages, costs and disbursements, including costs of investigation and reasonable attorneys' fees, as well as injunctive relief, as determined by the Court, pursuant to Minnesota law, including Minn. Stat. §§ 8.31, subd. 1 and 3a, and 325D.15.

188.    Therefore, Plaintiff Carmeli prays for relief as set forth below.

## ELEVENTH CLAIM FOR RELIEF
### Violation of the Deceptive Trade Practices Act – Minn. Stat. § 325D.44
### (On Behalf of the Minnesota Class)

189.    Plaintiff Carmeli repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

190.    Plaintiff Carmeli brings this claim individually and on behalf of the Minnesota Class.

191.    Minnesota Statutes § 325D.44, subd. 1, provides in part:

192.    A person engages in deceptive trade practices when, in the course of business, vocation, or occupation, the person

* * * * *

(2) Causes likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

***

(5) Represents that goods or services have…characteristics, ingredients, uses, benefits, or qualities that they do not have…

***

(7)    Represents that goods or services are of a particular standard, quality, or grade,…if they are of another. . . .

***

1    (13) Engages in any other conduct which similarly creates

2    a likelihood of confusion or of misunderstanding.

3    193.    By engaging in the conduct described herein, Defendant violated and

4    continues to violate Minn. Stat. § 325D.44.

5    194.    Defendant's wrongful conduct and misrepresentation of the true

6    characteristics, standards, quality and grade of the Products includes, by way of

7    example and not by limitation:

8        a.    Defendant's fraudulent, misleading and deceptive statements

9            relating to the true characteristics, standards, quality and grade

10            of its Products;

11        b.    Defendant's fraud and misrepresentation, of information about

12            the characteristics of Defendant's Products, and the Defendant's

13            knowledge of those misrepresentations; and

14        c.    Defendant's concealment of the true characteristics of its

15            Products.

16    195.    Defendant and its agents and distributors also misrepresented the true

17    characteristics, standards, quality and grade of the Products by designating age

18    ranges when the Products cannot be ridden safely by most riders in those age ranges.

19    196.    As a result of the Defendant's practices relating to misrepresentation

20    and omissions of the true characteristics, standards, quality and grade of its Products,

21    Plaintiff Carmeli and the Minnesota Class members have suffered actual damages

22    in that they would not have purchased the Products or paid a premium for the

23    Products if they had known that the age range representations regarding the Products

24    were and continue to be false.

25    197.    In order to prevent future injury to Plaintiff Carmeli and the Minnesota

26    Class, Plaintiff Carmeli and the Minnesota Class seek injunctive relief in the form

27    of a label change removing all deceptive and misleading statements.

28

198.   As a direct, proximate and foreseeable result of Defendant's violation of the statute, Plaintiff Carmeli and the other Minnesota Class members were injured and suffered damages, and are entitled to injunctive relief pursuant to Minnesota Statutes § 325D.45.

199.   Therefore, Plaintiff Carmeli prays for relief as set forth below.

## TWELFTH CLAIM FOR RELIEF
### Violation of False Statement in Advertising - Minn. Stat. § 325F.67
### (On Behalf of the Minnesota Class)

200.   Plaintiff Carmeli repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

201.   Plaintiff Carmeli brings this claim individually and on behalf of the Minnesota Class.

202.   Minnesota Statutes §325F.67 provides in part:

> Any person, firm, corporation, or association who, with intent to sell or in any way dispose of merchandise, . . . service, directly or indirectly, to the public, for sale or distribution, or with intent to increase the consumption thereof, or to induce the public in any manner to enter into any obligation relating thereto, makes, publishes, disseminates, circulates, or place before the public, or causes, directly or indirectly, to be made, published, disseminated, circulated, or places before the public, in this state, in a newspaper or other publication, or in the form of a book, notice, handbill, poster, bill, label, price tag, circular, pamphlet, program, or letter, or over any radio or television station, in any other way, an advertisement of any sort regarding merchandise, . . . service or anything so offered to the public for use, consumption, purchase, or sale, which advertising contains any material assertion, representation or statement of fact which is untrue, deceptive, or misleading, shall, whether or not pecuniary or other specific damage to any other person occurs as a direct result thereof, be

guilty of a misdemeanor, and any such act is declared to be a public nuisance and may be enjoined as such.

203.  By engaging in the conduct described herein, namely labeling the Products with age ranges when the Products cannot be ridden safely by most riders in those age ranges, Defendant violated and continues to violate Minn. Stat. §325F.67.

204.  Where, as here, Plaintiff Carmeli's claims inure to the public benefit, as Defendant has misrepresented the age ranges of the Products to the public at large, Minnesota's private-attorney general statute, Minn. Stat. §8.31, subd. 3a, allows individuals who have been injured through a violation of these consumer-protection statutes to bring a civil action and recover damages, together with costs and disbursements, including reasonable attorneys' fees.

205.  Defendant's untrue, deceptive and misleading representations and omissions about its Products include, by way of example and not by limitation:

    a.    Defendant's fraudulent, misleading or deceptive statements relating to the true characteristics, standards, quality and grade of Defendant's Products;

    b.    Defendant's fraud and misrepresentation of information about the characteristics of Defendant's Products and its knowledge of those misrepresentations;

    c.    Defendant's concealment of the true origins of the Products; and

    d.    Defendant's concealment of the true characteristics of the Products.

206.  Defendant and its agents and distributors also made untrue, deceptive and misleading representations and omissions about its Products by designating age ranges when the Products cannot be ridden safely by most riders in those age ranges.

207.  Defendant's omissions and misrepresentations set forth in this

Complaint are material in that they relate to information that would naturally affect the purchasing decision or conduct of purchasers, including Plaintiff Carmeli and the Minnesota Class members, regarding whether or not to purchase Defendant's Products.

208. As a result of the Defendant's untrue, deceptive or misleading representations and omissions about its Products, Plaintiff Carmeli and the other Minnesota Class members have suffered actual damages in that they would not have purchased the Products or paid a premium for the Products if they had known that the age range representations regarding the Products were and continue to be false.

209. Plaintiff Carmeli and the Minnesota Class seek to enjoin Defendant from making untrue, deceptive and misleading assertions and representations about the Products.

210. Therefore, Plaintiff Carmeli prays for relief as set forth below.

**THIRTEENTH CLAIM FOR RELIEF**
**Fraud under Minnesota Common Law**
**(On Behalf of the Minnesota Class)**

211. Plaintiff Carmeli repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

212. Plaintiff Carmeli brings this claim individually and on behalf of the Minnesota Class.

213. As discussed above, Defendant provides Plaintiff Carmeli and the Minnesota Class members with false or misleading material information and fails to disclose material facts about the Products, including, but not limited to the claims regarding the appropriate age range for use of the Products. These misrepresentations and omissions are made with knowledge of their falsehood.

214. The misrepresentations and omissions made by Defendant, upon which Plaintiff Carmeli and the Minnesota Class members reasonably and justifiably rely,

are intended to induce and actually induce Plaintiff Carmeli and the Minnesota Class members to purchase the Products.

215.    The fraudulent actions of Defendant caused damage to Plaintiff Carmeli and the Minnesota Class members, who are entitled to damages and other legal and equitable relief as a result.

216.    As a result of Defendant's wrongful conduct, Plaintiff Carmeli and the Minnesota Class members have suffered and continue to suffer economic losses and other general and specific damages, including amounts paid for the Products and any interest that would have been accrued on these monies, all in the amount to be determined at trial.

217.    Therefore, Plaintiff Carmeli prays for relief as set forth below.

## FOURTEENTH CLAIM FOR RELIEF
### Breach of Express Warranty – Minn. Stat. § 366.2-313
### (On Behalf of the Minnesota Class)

218.    Plaintiff Carmeli repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

219.    Plaintiff Carmeli brings this claim individually and on behalf of the Minnesota Class.

220.    As part of each contract, Defendant represented that the Products were designated for a certain age range.

221.    Defendant's representations that the Products were designated for a certain age range constituted express warranties and became part of the basis of the bargain between Plaintiff Carmeli and the Minnesota Class members, on the one hand, and Defendant, on the other.

222.    Defendant represented that the Products were designated for a certain age range to induce Plaintiff Carmeli and the Minnesota Class members to purchase the Products.

223.    Plaintiff Carmeli and the Minnesota Class members relied on Defendant's representations that the Products were designated for a certain age range in purchasing the Products.

224.    Plaintiff Carmeli and the Minnesota Class members have performed all conditions precedent to Defendant's liability under the above-referenced contracts when they purchased the Products for their ordinary purposes.

225.    Defendant breached its express warranties about the Products because the Products cannot be ridden safely by most riders in those age ranges. Consequently, Defendant breached Minnesota's express warranty law. Minn. Stat. § 336.2-313.

226.    As a result of Defendant's breaches of express warranties, Plaintiff Carmeli and the Minnesota Class members were damaged in the amount of the purchase price or a premium they paid for the Products, in an aggregate amount that Plaintiff Carmeli will prove at trial.

227.    On August 11, 2020, a reasonable time after she knew or should have known of such breach, Plaintiff Carmeli, on behalf of herself and the other members of the Minnesota Class, sent a notice letter to Defendant which provided notice of Defendant's breach and demanded that Defendant correct, repair, replace, or otherwise rectify the breach complained of herein. The letter also stated that if Defendant refused to do so, a Complaint would be filed seeking damages. Defendant failed to comply with the letter.

228.    Therefore, Plaintiff Carmeli prays for relief as set forth below.

## FIFTEENTH CLAIM FOR RELIEF
### Breach of Implied Warranty of Merchantability – Minn. Stat. § 336.2-314
### (On Behalf of the Minnesota Class)

229.   Plaintiff Carmeli repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

230.   Plaintiff Carmeli brings this claim individually and on behalf of the Minnesota Class.

231.  Under the Uniform Commercial Code's implied warranty of merchantability, the Defendant warranted to Plaintiff Carmeli and the Minnesota Class members that the Products were for certain age ranges.

232.   Defendant breached the implied warranty of merchantability in that the Products:

      a.    Are not fit for the ordinary purposes for which such goods are used, as the Products cannot be ridden safely by most riders in those age ranges, see Minn. Stat. § 336.2-314(2)(c); and

      b.    Did not conform to the age designation promises or affirmations made on the label, as the Products cannot be ridden safely by most riders in those age ranges, see Minn. Stat. § 336.2-314(2)(f).

233.   The inability of the Products to meet the implied warranty was not due to Plaintiff Carmeli's or Minnesota Class members' fault or neglect.

234.   Direct privity is not required as Plaintiff Carmeli and the Minnesota Class members relied on Defendant's age designation statements found on the Products' labels. *C.f. Highway Sales, Inc. v. Blue Bird Corp.*, 559 F.3d 782, 795n.13 (8th Cir. 2009) ("Georgia, unlike Minnesota, requires direct privity between a manufacturer and a purchaser in order for an implied warranty to be binding").

235.   Moreover, Plaintiff Carmeli and the Minnesota Class members are third

party beneficiaries of the implied warranty of merchantability between Defendant and the retailers selling the Products. Plaintiff Carmeli and the Minnesota Class members are the intended users of Products, and therefore the warranty ensuring the Products are fit for their ordinary purposes or conform to the age designation promises (i.e. whether they contain be ridden safely by most riders in those age ranges) directly benefits the consumer—not the retailers. *See* Minn. Stat. § 366.3-318.

236.   As a result of the foregoing, Plaintiff Carmeli and Minnesota Class members were damaged in the amount paid for the Defendant's Products, or premium price paid for the Products, together with interest thereon from the date of purchase.

237.   On August 11, 2020, a reasonable time after she knew or should have known of such breach, Plaintiff Carmeli, on behalf of himself and the other members of the Minnesota Class, sent a notice letter to Defendant which provided notice of Defendant's breach and demanded that Defendant correct, repair, replace, or otherwise rectify the breach complained of herein. The letter also stated that if Defendant refused to do so, a Complaint would be filed seeking damages. Defendant failed to comply with the letter.

238.   Therefore, Plaintiff Carmeli prays for relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of the members of the Class, respectfully requests the Court to enter an Order:

A.    certifying the proposed Class under Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), as set forth above;

B.    declaring that Defendant is financially responsible for notifying the Class members of the pendency of this suit;

C.    declaring that Defendant has committed the violations of law alleged herein;

D.    providing for any and all injunctive relief the Court deems appropriate;

E.    awarding statutory damages in the maximum amount for which the law provides;

F.    awarding monetary damages, including but not limited to any compensatory, incidental, or consequential damages in an amount that the Court or jury will determine, in accordance with applicable law;

G.    awarding punitive or exemplary damages in accordance with proof and in an amount consistent with applicable precedent;

H.    awarding Plaintiffs reasonable costs and expenses of suit, including attorneys' fees;

I.    awarding pre- and post-judgment interest to the extent the law allows; and

J.    for such further relief as this Court may deem just and proper.

1

## DEMAND FOR JURY TRIAL

2      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby

3   demand a trial by jury on all claims so triable.

4   Date:  September 3, 2021      Respectfully submitted,

5                                  **REESE LLP**

6                              By: */s/ Michael R. Reese*

7                                  Michael R. Reese (SBN 206773)
                                   Sue J. Nam (SBN 206729)

8                                  100 West 93rd Street, 16th Floor

9                                  New York, New York 10025
                                   Telephone: (212) 643-0500

10                                 Email:  *mreese@reesellp.com*

11                                          *snam@reesellp.com*

12

13                                 **REESE LLP**
                                   Charles D. Moore (to be admitted *pro hac vice*)

14                                 100 South 5th Street, Suite 1900

15                                 Minneapolis, MN 55402
                                   Telephone: (212) 643-0500

16                                 Email: *cmoore@reesellp.com*

17

18                                 **REESE LLP**

19                                 George V. Granade (SBN 316050)
                                   *ggranade@reesellp.com*

20                                 8484 Wilshire Boulevard, Suite 515

21                                 Los Angeles, California 90211
                                   Telephone: (310) 393-0070

22                                 Facsimile: (212) 253-4272

23                                 *Attorneys for Plaintiffs and the Proposed Class*

24

25

26

27

28

CLASS ACTION COMPLAINT
Case No. 21-cv-7123
46